UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B.,<br><br>               Plaintiff,<br><br>     v.<br><br>JSA APPRAISAL SERVICE, type of entity unknown; and STEPHEN SCHWARTZ, an Individual,<br><br>               Defendants. | Case No.: 5:10-cv-02077-LHK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE WITH LEAVE TO AMEND IN PART<br><br>(re: docket #18) |

Plaintiff Federal Deposit Insurance Corporation moves to strike Defendants' second affirmative defense (Contributory or Comparative Negligence) and ninth affirmative defense (Comparative Indemnification). Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument. Having considered the parties' submissions and the relevant law, the Court GRANTS Plaintiff's motion to strike with leave to amend in part.

**I.   Background**

Plaintiff Federal Deposit Insurance Corporation ("FDIC") is a government entity appointed

1

by the Office of Thrift Supervision to act as Receiver for IndyMac Bank, F.S.B. ("IndyMac") pursuant to 12 U.S.C. §1821(d)(2)(b). Compl. ¶ 1. On April 20, 2010, Plaintiff filed this action against Defendants JSA Appraisal Service and Stephen Schwartz, alleging that Defendants had negligently prepared and materially misrepresented an appraisal of real property. The appraisal, which valued the real property located at 808 Apple Avenue, Greenfield, California at $614,000, was submitted to IndyMac for the purpose of facilitating a mortgage loan. The FDIC funded a mortgage loan in the principal amount of $583,000 secured by the property. The FDIC alleges that it subsequently discovered that the appraisal had been negligently prepared and contained material misrepresentations, which resulted in $554,502.02 in damages, plus interest, costs and attorney's fees, to FDIC. Compl. ¶ 11. The Complaint includes claims for breach of contract, negligent misrepresentation, and professional negligence. On June 3, 2010, Defendants filed an Answer setting forth forty-five affirmative defenses. Plaintiff now moves to strike Defendants' second affirmative defense (Contributory or Comparative Negligence) and ninth affirmative defense (Comparative Indemnification) pursuant to Federal Rule of Civil Procedure 12(f). On July 8, 2010, Defendants filed an opposition to Plaintiff's motion.

## II.  Motion to Strike

### A.  Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or a matter of law. *Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). What constitutes fair notice depends on the particular defense in question. 5C Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 1381, at 410 (3d ed. 2004). While a defense need not include extensive factual allegations in order to give fair notice, *Security People, Inc.*, 2005 WL 645592, at *2, bare statements reciting mere legal conclusions may not be sufficient. *CTF Development, Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. 2009). Because motions to strike a defense as insufficient are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent." 5C Wright & Miller § 1381, at 428; *accord William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds*, 478 U.S. 1015 (1986).

A court may also strike matter in an answer that is immaterial or impertinent. Fed. R. Civ. Pro. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)). Impertinent matter does not pertain, and is not necessary, to the issues in question. *Id.*

Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Wyshak*, 607 F.2d at 826; *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004).

### B. Discussion of Affirmative Defenses

In their Answer, Defendants assert forty-five affirmative defenses. Plaintiff moves to strike Defendants' Second and Ninth Affirmative Defenses as they relate to Plaintiff's claims for negligent misrepresentation and breach of contract. The Court has reviewed each affirmative defense and reaches the following conclusions.

> **1. Defendants' second affirmative defense ("Contributory or Comparative Negligence") is insufficiently pled as to Plaintiff's claims of negligent misrepresentation and breach of contract.**

3

Case No.: 10-CV-02077-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

For clarity, the Court will use the term comparative negligence to describe Defendants' second affirmative defense.[1] The California Supreme Court has stated that "negligence on the part of the plaintiff in failing to discover the falsity of a statement is no defense when the misrepresentation was *intentional* rather than negligent." *Van Meter v. Bent Construction Co.*, 46 Cal.2d 588 (1956) (emphasis added). In addition, dicta in the *Van Meter* opinion raises the possibility of a comparative negligence defense to a negligent misrepresentation claim when a plaintiff's own conduct is "preposterous or irrational." *Id*. at 595. As to negligent misrepresentation, there is no definitive ruling from the California Supreme Court, and the California Courts of Appeal have come to varying conclusions. *Compare Carroll v. Gava*, 98 Cal. App. 3d 892 (1979) (comparative fault principles not appropriate to misrepresentation claims in "ordinary business transactions") *with Kohn v. Superior Court*, 142 Cal. App. 3d 323, 330 (Cal. App. 1st Dist. 1983) (comparative fault principles may be appropriate in liability among joint tortfeasors in commercial transactions).

Although a comparative negligence affirmative defense to a claim of negligent misrepresentation may be possible, Defendants' bare-bones and conclusory statement that "others," including Plaintiff, were at fault is insufficient to provide Plaintiff with fair notice of the basis for this defense. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) (striking affirmative defenses that set forth only general allegations and failed to provide a factual basis for the defense). Accordingly, the Court will strike Defendants' second affirmative defense as applied to Plaintiff's negligent misrepresentation claim, with leave to amend.

Plaintiff also moves to strike the comparative negligence affirmative defense as applied to Plaintiff's claim for breach of contract. Plaintiff cites a California Supreme Court opinion for the proposition that comparative fault is not a defense to a breach of contract. *See Kransco v. Am.*

---

[1] Defendant's second affirmative defense is styled "contributory or comparative negligence."

4

Case No.: 10-CV-02077-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

*Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390 (2000) (comparative fault, a tort principle, generally inapplicable to breach of contract claims). Defendants cite no case law otherwise, and the Court has found none. Accordingly, the Court shall strike Defendants' second affirmative defense as applied to Plaintiff's breach of contract claim with prejudice.

### 2. Defendant's Ninth Affirmative Defense ("Comparative Indemnification") is insufficiently pled and apparently redundant.

Defendant's Ninth Affirmative Defense is styled "Comparative Indemnification," but like its Second Affirmative Defense for "Contributory or Comparative Negligence," Defendant provides only general, conclusory statements that "other individuals, other entities, and/or Plaintiff" caused the damages complained of, if any. *See* Def.'s Answer at 6. Moreover, it is not clear what Defendant means by "comparative indemnity." In the pleadings, Plaintiff refers to Defendants' Ninth Affirmative Defense as "comparative fault" rather than "comparative indemnity." *See* Pl.'s Mot. to Strike at 6-7 (using terms "comparative fault," "comparative negligence," and "contributory negligence" interchangeably instead of "comparative indemnity"). Similarly, Defendant mixes the terms "comparative fault" and "comparative indemnity" in its own pleading. *See* Def.'s Opp'n to Mot. to Strike at 3.

Accordingly, the Court strikes Defendant's ninth affirmative defense of "Comparative Indemnity" as it is not clear from Defendants' general allegations how this doctrine applies to Plaintiff's claims for negligent misrepresentation and breach of contract. *See Qarbon.com Inc.*, 315 F.Supp.2d at 1049 ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."). The Court grants Defendant leave to amend to provide further factual allegations as to the application of its "comparative indemnity" defense.

### III. Conclusion

For the reasons detailed above, the Court GRANTS Plaintiff's motion to strike Defendant's second affirmative defense (contributory or comparative negligence) as applied to Plaintiff's claim

5
Case No.: 10-CV-02077-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

for negligent misrepresentation with leave to amend, and as applied to Plaintiff's claim for breach of contract with prejudice.  The Court GRANTS Plaintiff's motion to strike Defendant's ninth affirmative defense (comparative indemnity) as applied to both Plaintiff's claims for negligent misrepresentation and breach of contract with leave to amend.  Any amended Answer must be filed within 30 days of this Order.

**IT IS SO ORDERED.**

Dated: October 5, 2010

_____
LUCY H. KOH
United States District Judge